JAMES RONALD HUBBARD

v.

COMMONWEALTH OF VIRGINIA

No. 0042-84

Argued September 17, 1985

Decided December 3, 1985

COUNSEL

William W. Berry, IV, for appellant.

M. Katharine Spong, Assistant Attorney General (William G. Broaddus, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, C.J.**—A jury found appellant, James Ronald Hubbard, guilty of attempted grand larceny. He was sentenced to twelve months in jail and ordered to pay a fine of $500. Thereafter, Hubbard filed a petition for appeal with this court. We granted the appeal on the issue whether the evidence was sufficient to support the conviction. Finding sufficient evidence, we affirm the conviction.

On August 5, 1984, Loyd Ayers, Animal Warden for Bedford County, was awakened at his home at approximately 11:30 p.m. when he heard his dog barking. Ayers investigated the reason for the barking, and discovered that his lawn and garden tractor had been pushed some twenty-five feet from a tool shed to where it was sitting in the yard at the base of a forty-five degree slope. Seeing no one in the immediate area, Ayers telephoned the Sheriff's Department, and then got into his truck to see if he could find anyone nearby. As he drove along Route 24, Ayers observed a pickup truck parked in an access road approximately two-tenths of a mile west of his residence. As Ayers pulled into the roadway behind the truck, the truck proceeded down the access road for a distance of approximately 100 yards until it was forced to stop by a closed gate. At this point, Ayers approached the vehicle and encountered the driver, Hubbard, and one passenger, William Eugene Spence.

Ayers informed Hubbard that he was on posted property and asked him what he was doing there. Hubbard had very little to say to Ayers. From his county vehicle, Ayers made radio contact with the Bedford County Sheriff's Department and requested that the license number of the pickup truck be checked with the Division of Motor Vehicles. The Sheriff's Department subsequently advised Ayers that the pickup truck was not properly registered. Ayers then requested that a deputy be dispatched to the location and upon the officer's arrival, the investigation was turned over to him.

Latent fingerprints and palm prints were lifted from the seat and right fender of Ayers' tractor. These prints were compared by the Consolidated Laboratory Services in Roanoke, Virginia, with known fingerprints and palm prints of Hubbard and Spence. A latent palm print lifted from the right fender of Ayers' tractor was found to belong to Spence.

On the same evening, Deputy Douglas Mayhew of the Bedford County Sheriff's Department arrived at Ayers' residence with a tracking dog. At this time, Deputy Mayhew was not informed of the location where Hubbard and Spence had been apprehended. The dog began tracking in the immediate area of the tractor, tracked across Route 24 and continued on a circuitous route through bushes, trees, across a fence and back across Route 24, to the area of the access road where Ayers had first seen the pickup truck. At this point, the dog began "milling around," but after a couple of minutes, continued tracking down the access road. The dog passed several persons and vehicles until it reached the area where the pickup truck was parked in front of the closed gate. The dog approached the person in the driver's seat, Hubbard, smelled him, then proceeded to the back of the pickup, smelled the person on the tailgate, Spence, and then started milling around. The deputy testified that this behavior indicated that the dog had finished tracking.

Both individuals were then taken into custody. Hubbard had lacerations on his hand and arm. When questioned about these injuries, he stated that he was "at a friend's house that Sunday afternoon, that he had been playing with the friend's dog, and that the dog scratched him."

On appeal, we must view the evidence in the light most favorable to the Commonwealth, and accord to the evidence all reasonable inferences fairly deducible therefrom. *Gooden* v. *Commonwealth*, 226 Va. 565, 571-72, 311 S.E.2d 780, 784 (1984). The reasonable inferences present here lead to the conclusion that there was sufficient evidence for the jury to convict Hubbard of attempted grand larceny. The jury could reasonably have concluded that Hubbard exhibited guilty conduct by driving further down the access road once observed by Ayers. Spence's prints on the tractor and his presence in the truck with Hubbard could lead to the reasonable inference that Hubbard was acting in concert with Spence. The lacerations on Hubbard's arm could reasonably

have been caused by climbing through bushes to get to where the tractor was located. A jury could have reasonably inferred that the tracking dog's actions in following a trail from the tractor to the truck indicated that Spence and Hubbard had been in the area of the tractor. Taken as a whole, the evidence is sufficient to sustain the conviction.

The judgment of conviction will be affirmed.

*Affirmed.*

Baker, J., and Moon, J., concurred.