## Alexandria

JOSEPH CHIANG, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0354-86

Decided March 1, 1988

14

COUNSEL

John C. Andrews, for appellant.

M. Katharine Spong, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KEENAN, J.** — Joseph Chiang, Jr. was convicted by a jury of embezzlement. On appeal, he raises the following issues: (1) whether the evidence was sufficient to support his conviction; (2) whether the trial court erred in allowing the Commonwealth to amend the indictment after the close of all of the evidence; (3) whether the trial court compelled Chiang to call a hostile witness as his own; and, (4) whether the trial court allowed improper ar-

gument by the Commonwealth's attorney. Based on our review of the record, and the argument and authorities presented, we affirm Chiang's conviction.

## I.

At trial, the evidence disclosed that Chiang was an insurance agent who sold liability insurance to Gilbert Dugue in July, 1984. Dugue paid Chiang a total of $2,195 (two checks for $700 each, one check for $400, and one check for $395) to insure Dugue's amusement park. Chiang forwarded only one of those checks (the $395 check) to Atlas Underwriters. Dugue then received a notice from Atlas Underwriters informing him that they had canceled his coverage. Dugue asked Chiang for a refund. Chiang returned the $400 check that he had not negotiated and told Dugue that Atlas would refund the remaining $1,400. However, Chiang had already deposited the two $700 checks to his escrow premium account and used the funds to pay other clients' premiums.

The evidence further disclosed that in 1983 Dugue gave Chiang a check for $539 to send to Atlas to cover his insurance premium on the amusement park for that year. Chiang testified that Atlas refused to accept payment in 1983 and that he therefore kept the money.

The trial court instructed the jury with regard to the 1983 incident:

Members of the Jury, you are receiving evidence about what went on in 1983. Now, that evidence is being received by you and it may be considered by you, if you think it shows a scheme or plan which carried on from year to year. It would not be direct proof in and of itself of the commission of the alleged crime in 1984.

At the close of all of the evidence, the Commonwealth made a motion to amend the indictment. Chiang's objection to the amendment was overruled by the trial court. The indictment, as amended, stated:

During the period between July 10, 1984 and October 10, 1984 in the County of Warren, Joseph Chiang, Jr. t/a Chi-

ang Insurance Agency did unlawfully and feloniously, wrongfully and fraudulently use, dispose of, conceal or embezzle money, checks, orders or drafts *of Gilbert Dugue and/or Atlas Underwriters, LTD*, which had been received by him for another, to-wit: Atlas Underwriters, LTD., and which had been entrusted to him by Gilbert Dugue, having a value of $1,400.00, in violation of Sections 18.2-111 and 18.2-95 of the Code of Virginia, 1950, as amended.

(emphasis added). Prior to the amendment, the indictment did not contain the phrase "of Gilbert Dugue and/or Atlas Underwriters, LTD."

During closing arguments, the Commonwealth's attorney referred to the 1983 incident and stated:

[T]here was $539 of Mr. Dugue's money, around, and where did that money go? That money went right to Mr. Chiang's pocket. . . . There was no reason for that money to go into Mr. Chiang's personal account.

Chiang objected, stating that the Commonwealth presented no evidence that those funds went into his account and that the Commonwealth was asking the jury to punish him for the 1983 acts. The trial court overruled the objection, stating that "[t]he jury will remember my admonition and the jury will draw the inferences they think proper from the evidence."

## II.

On appeal of a criminal conviction, this court must view the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom. *Crumble v. Commonwealth*, 2 Va. App. 231, 233, 343 S.E.2d 359, 361 (1986); *Hubbard v. Commonwealth*, 1 Va. App. 233, 235, 337 S.E.2d 303, 305 (1985). "A conviction will be affirmed unless it appears from the evidence that it is plainly wrong or without evidence to support it." *Sutphin v. Commonwealth*, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985); *see David v. Commonwealth*, 2 Va. App. 1, 3, 340 S.E.2d 576, 577 (1986); *Henry v. Commonwealth*, 2 Va. App. 194, 197, 342 S.E.2d 655, 656 (1986). Chiang first argues that the Commonwealth did not prove that a trust relationship existed between him and Dugue.

He argues that the only relationship between them was one of debtor-creditor. He states that the trial court erred in relying on Code § 38.1-327.12 (now Code § 38.2-1813)[1] to impose a fiduciary relationship on his dealings with Dugue.

■ In order to prove embezzlement, however, the existence of a formal fiduciary relationship is not necessary. Rather, the Commonwealth must prove that the defendant was *entrusted* with the property of another. *Webb v. Commonwealth,* 204 Va. 24, 34, 129 S.E.2d 22, 30 (1963). In this case, Dugue entrusted Chiang, as his insurance agent, with $1,400 to pay over to Atlas. We find, irrespective of Code § 38.1-327.12, that these facts established the required entrustment to sustain Chiang's conviction.

■ Chiang next argues that the Commonwealth did not prove that he possessed the requisite intent necessary to convict him of embezzlement. In *Webb v. Commonwealth,* 204 Va. 24, 129 S.E.2d 22 (1963), the Supreme Court addressed the issue of intent in embezzlement crimes. The Court held that in order to prove embezzlement, it must be shown that the defendant, who was entrusted with the property of another, "wrongfully appropriated [that property] to his own use or benefit, with the intent to deprive the owner thereof." *Id.* at 34, 129 S.E.2d at 30. This intent can be inferred from all the facts and circumstances of the case. *Stegall v. Commonwealth,* 208 Va. 719, 723, 160 S.E.2d 566, 569 (1968). To establish the requisite intent, it is not necessary to show that the defendant wrongfully appropriated the entrusted property to his or her own personal use or benefit. Code § 18.2-111 only requires that a person "wrongfully and fraudulently use, dispose of, conceal or embezzle" the property. Therefore, if the defendant diverts funds to benefit another, that action is sufficient to establish the wrongful appropriation of the property to his or her own use.

The evidence before us shows that Chiang deposited two $700 checks in his premium escrow account and used those funds to

---

[1] Code § 38.1-327.12 provided: "All premiums, return premiums, or other funds received in any manner by an agent or a surplus lines broker shall be held by the licensee in a fiduciary capacity. The agent or surplus lines broker shall, in the regular course of business, account for and pay the same to the insured or his assignee, insurer, or agent entitled thereto when such payment is due; provided, however, that nothing contained herein shall be deemed to require any licensee to maintain a separate depository account, escrow, or otherwise."

pay other client's premiums. The evidence also shows that in 1983 Chiang kept Dugue's premium payment after Atlas refused to accept it. We find that this evidence, viewed in the light most favorable to the Commonwealth, establishes the requisite intent to sustain Chiang's conviction.

Chiang next argues that the trial court erred by amending the indictment after the close of all of the evidence. The indictment was amended to state that the funds embezzled belonged to Dugue and/or Atlas Underwriters. Code § 19.2-231 expressly allows the amendment of an indictment at any time before a verdict. It states in relevant part:

[T]he court may permit amendment of such indictment, presentment or information, at any time before the jury returns a verdict or the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged.

Chiang concedes that the indictment was amended before the jury returned a verdict. He further concedes that he was not surprised by the evidence the Commonwealth presented. The original indictment charged Chiang with embezzlement of funds entrusted to him by Dugue for payment to Atlas Underwriters. We find that the amendment only clarified who would have been entitled to the funds if the funds had been handled properly. It did not change the nature or character of the offense charged. Thus, we conclude that the trial court did not abuse its discretion in amending the indictment after the close of all of the evidence.

Chiang next argues that the trial court improperly compelled him to call an adverse witness. He argues that he was forced at the beginning of the trial to indicate whether he intended to call Thomas Mann, an investigator for the State Corporation Commission, Bureau of Insurance, as his own witness. We find no merit in Chiang's argument that this action by the trial court constituted a requirement that he call Mann as an adverse witness. First, the record does not show that Mann was an adverse witness. *See Butler v. Parrocha*, 186 Va. 426, 433-34, 43 S.E.2d 1, 5 (1947); Code § 8.01-401; *see also Moore v. Commonwealth*, 202 Va. 667, 669, 119 S.E.2d 324, 327 (1961) (applying Code § 8-291, now

Code § 8.01-401, to criminal cases). Second, Code § 19.2-265.1[2] requires the exclusion of all witnesses in a criminal case upon motion of either the defendant or the Commonwealth. The record demonstrates that Chiang requested the witnesses be excluded from the courtroom. The Commonwealth assured the trial court that it was not going to call Mann as a witness but needed him present as a consultant during the trial. Chiang then told the trial court that he was going to call Mann for "two matters."

We find that the trial court did not force Chiang to call Mann as his own witness. Rather, Chiang, after requesting that the witnesses be excluded, determined that he might want to call Mann as his own witness. Pursuant to Code § 19.2-265.1, the trial court then was required to exclude Mann, as well as all other potential witnesses, from the courtroom during the trial.

Chiang next argues that the trial court failed to adequately admonish the jury regarding an allegedly improper comment made by the Commonwealth during closing argument. During its closing argument the Commonwealth referred to the 1983 acts and said: "[W]here did that money go? That money went right to Mr. Joe Chiang's pocket. . . . There was no reason for that money to go into Mr. Chiang's personal account." Chiang objected, stating that the Commonwealth presented no evidence that the 1983 funds went into his personal account and that the Commonwealth was asking the jury to punish him for the acts in 1983. The trial court responded: "The jury will remember my admonition and the jury will draw the inferences they think proper from the evidence."

■ "A Commonwealth's Attorney has the right to argue the evidence and all reasonable inferences from the evidence." *Duncan v. Commonwealth*, 2 Va. App. 717, 730, 347 S.E.2d 539, 546 (1986). The evidence showed that Chiang accepted Dugue's premium payment in 1983 and then kept it when Atlas refused to accept it. We find that the trial court properly instructed the jury as to the consideration it could give the evidence concerning the

---

[2] Code § 19.2-265.1 provides: "In the trial of every criminal case, the court, whether a court of record or a court not of record, may upon its own motion and shall upon the motion of either the attorney for the Commonwealth or any defendant, require the exclusion of every witness; provided, that each defendant who is an individual and one officer or agent of each defendant which is a corporation or association shall be exempt from the rule of this section as a matter of right."

1983 transaction. We further find that the trial court did not err in ruling that the argument was based on inferences which could be reasonably drawn from the evidence.

In summary, we find that the evidence was sufficient to support the conviction; that the trial court did not abuse its discretion in amending the indictment before the jury returned its verdict; that the trial court did not compel Chiang to call an adverse witness; and that the trial court did not err in allowing the Commonwealth to argue the evidence and the reasonable inferences deducible therefrom and properly admonished the jury as to the 1983 incident. Accordingly, we affirm Chiang's conviction.

*Affirmed.*

Duff, J., and Moon, J., concurred.