COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Elder and Fitzpatrick
Argued at Richmond, Virginia


WILLIAM EDWARD WALDROP

v.    Record No. 2094-94-2          MEMORANDUM OPINION[*] BY
                                    CHIEF JUDGE NORMAN K. MOON
      COMMONWEALTH OF VIRGINIA           DECEMBER 29, 1995

              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                  James M. Lumpkin, Judge Designate

            John M. Schilling (White, Blackburn & Conte,
            P.C., on brief), for appellant.

            Robert H. Anderson, III, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


      William Edward Waldrop appeals his convictions for grand

larceny by embezzlement, misappropriation of bingo proceeds, and

perjury in connection with his operation of bingo games on behalf

of two charities.  He argues that his perjury before the grand

jury was not material, that the Commonwealth failed to prove all

of the elements of embezzlement, that he was subjected to double

jeopardy, and that he did not wrongfully take property of another

when he paid workers to operate bingo games.  We disagree, and

affirm the convictions.

      Between 1987 and 1989, Waldrop ran bingo games on behalf of

the Virginia Association of Workers for the Blind and American

Legion Post 361.  Under Code § 18.2-340.9(B) and (E), it was

unlawful for a charitable organization to pay compensation to

_____
      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

anyone for conducting a bingo game. Waldrop testified before the grand jury that he had not paid any workers to operate bingo games, and that he had not misappropriated any money "from the bingo." His conviction for perjury was based on these denials of misconduct. His convictions for grand larceny and misappropriation of bingo proceeds were based on his use of bingo proceeds to pay workers. The Commonwealth also sought to prove that Waldrop had pocketed bingo proceeds, but the trial judge found that the Commonwealth did not sustain its burden of proof on that aspect of the charges.

Under Code § 18.2-434, perjury before the grand jury must touch "any material matter or thing . . . ." Waldrop's denial that he had paid any workers was material to the grand jury's investigation of irregularities in the bingo games. First, contrary to Waldrop's claim that it was legal to compensate workers from sources other than bingo proceeds, the bingo statutes prohibited any compensation to workers, regardless of the source. Second, Waldrop's testimony that he had paid no compensation whatsoever and that he had never misappropriated funds from the bingo was material to the charge of misappropriation of bingo proceeds in order to pay workers.

Waldrop argues that in order to prove embezzlement, the Commonwealth must show that he appropriated funds to his own use or benefit. He further argues that because he received no benefit by paying workers to operate the games, he cannot be found guilty of embezzlement.

In *Chiang v. Commonwealth*, 6 Va. App. 13, 365 S.E.2d 778 (1988), this Court held that in order to prove embezzlement, the Commonwealth must show, *inter alia*, that the defendant wrongfully appropriated property for his own use and benefit. However, the Court also held that it is not necessary to show that the defendant misappropriated the property for "his own *personal* use and benefit"; it is sufficient to show that the defendant took the property to benefit another. *Id.* at 17, 365 S.E.2d at 781 (emphasis added). Here, the Commonwealth proved that Waldrop misappropriated funds to benefit others--i.e., the workers who were paid. That the charities themselves may have benefited indirectly, as Waldrop alleges--a matter by no means proven-- does not purge Waldrop's actions of criminality.

Waldrop claims that his convictions for grand larceny under Code § 18.2-95 and misappropriation of bingo proceeds under Code § 18.2-340.9 constitute multiple punishments for the same offense in violation of the double jeopardy clause of the United States Constitution. For double jeopardy purposes, for two offenses not to be the same, each must contain an element not contained in the other. *United States v. Dixon*, 113 S. Ct. 2849 (1993); *Blockburger v. United States*, 284 U.S. 299 (1932). To determine whether the elements are the same, the offenses are examined in the abstract, not with reference to the facts of the case at hand. *Blythe v. Commonwealth*, 222 Va. 722, 726, 284 S.E.2d 796, 798 (1981).

For a charge under Code § 18.2-340.9, the misappropriated

funds must be from gross receipts of bingo games or raffles conducted by licensed organizations. There is no minimum amount. For a charge of grand larceny not from the person under Code § 18.2-95, there is no limitation on the source of the stolen property, but the property must be worth at least $200.[1] Thus, each offense contains an element the other does not, and Waldrop was not punished twice for the same offense.

Finally, Waldrop argues that on the charge of grand larceny by embezzlement the Commonwealth did not prove that he took money belonging to another with the intent to deprive the owner thereof because he paid the workers only in order to keep the games going. He further argues that the funds did not belong to the charities until all expenses--including his illegal payments to workers--were deducted from the gross.

As noted by the Commonwealth, Waldrop did not raise these grounds for reversal below. No good cause has been shown, and the ends of justice do not require us to permit Waldrop to raise

---

[1] Waldrop was indicted for grand larceny under Code § 18.2-95, but both Waldrop and the Commonwealth refer to his offense as embezzlement, or "grand larceny by embezzlement". The elements of larceny and embezzlement are not the same, see Smith v. Commonwealth, 222 Va. 646, 649, 283 S.E.2d 209, 210 (1981). Nonetheless, under former Code § 18.2-111, an individual suspected of embezzlement could be indicted for larceny and, if embezzlement were proven, was deemed guilty of larceny. The embezzlement statute did not specify a penalty for that offense, so the penalty had to be derived from the larceny statutes. To treat embezzlement as a felony under Code § 18.2-95, the amount of property taken must be worth at least $200. See Code § 18.2-111 as amended, clarifying that embezzlement is penalized under either Code § 18.2-95 (grand larceny) or Code § 18.2-96 (petit larceny).

these arguments now.  Therefore, Rule 5A:18 bars our consideration of these arguments.

For these reasons, we affirm the judgment.

<u>Affirmed.</u>