COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Moon, Judges Elder and Bray
Argued at Salem, Virginia


KATHY HODGES CARTER

MEMORANDUM OPINION[*] BY
v.          Record No. 1489-95-3        JUDGE RICHARD S. BRAY
                                        DECEMBER 31, 1996
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                      Robert P. Doherty, Jr., Judge

                William H. Cleaveland (Rider, Thomas,
                Cleaveland, Ferris & Eakin, on brief), for
                appellant.

                Monica S. McElyea, Assistant Attorney General
                (James S. Gilmore, III, Attorney General, on
                brief), for appellee.


        Kathy Hodges Carter (defendant) was convicted in a bench

trial for embezzlement in violation of Code § 18.2-111.  On

appeal, defendant contends that the evidence was insufficient to

prove the conversion of another's property to her "use or

benefit," together with the requisite intent.  Finding no error,

we affirm the conviction.

        Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358

S.E.2d 415, 418 (1987).  The judgment of a trial court, sitting

without a jury, is entitled to the same weight as a jury verdict

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

and will be disturbed only if plainly wrong or without evidence to support it.  See id.  The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

> Code § 18.2-111 provides that:
> If any person wrongfully and fraudulently use, dispose of, conceal or embezzle any money, bill, note, check, order, draft, bond, receipt, bill of lading or any other personal property, tangible or intangible, which he shall have received for another or for his employer, principal or bailor, or by virtue of his office, trust or employment, or which shall have been entrusted or delivered to him by another or by any court, corporation or company, he shall be guilty of embezzlement.

Manifestly, conviction requires proof that the accused, "entrusted with the property of another, 'wrongfully appropriated [such property] to his own use or benefit, with the intent to deprive the owner thereof.'"  Chiang v. Commonwealth, 6 Va. App. 13, 17, 365 S.E.2d 778, 780 (1988) (quoting Webb v. Commonwealth, 204 Va. 24, 34, 129 S.E.2d 22, 30 (1963)).  Such intent "may be, and often must be, shown by circumstantial evidence."  Whitley v. Commonwealth, 223 Va. 66, 73, 286 S.E.2d 162, 166, cert. denied, 459 U.S. 882 (1982); see Stegall v. Commonwealth, 208 Va. 719,

- 2 -

723, 160 S.E.2d 566, 569 (1968).

Here, defendant, as president of Roanoke Color Graphics, Inc., controlled both the corporate financial records and funds. When she corrupted correct ledger entries to at once reduce by $5,000 monies previously received by the corporation from another and increase by a like sum funds she paid to the corporation in consideration for stock, defendant clearly converted corporate assets to her benefit. The creativity of her stratagem does not diminish her culpability.

Defendant's contention that this conversion was under a claim of right and, therefore, lacked the requisite criminal intent is without merit. We recognize that embezzlement does not occur "where the property is taken 'under an honest belief that [defendant] had a bona fide claim of right to do so.'" Whitlow v. Commonwealth, 184 Va. 910, 918, 37 S.E.2d 18, 21 (1946) (quoting Wadley v. Commonwealth, 98 Va. 803, 810, 35 S.E. 452, 455 (1900)). However, the record here belies such defense. Defendant acknowledged that the alterations were "not a good form of bookkeeping" and that "[she] should not have made the entries like that." While her testimony and attendant calculations may support her claim, "[u]ncontradicted evidence is not . . . necessarily binding on the court . . . . It may be disbelieved where it is inherently improbable, inconsistent with circumstances in evidence, or somewhat contradictory in itself, especially where the witness is a party or is interested."

Stegall, 208 Va. at 722, 160 S.E.2d at 568.  The court expressly noted that defendant was "not a credible witness" and concluded that she acted with the requisite intent, a finding amply supported by the record.

Accordingly, we affirm the conviction.

Affirmed.