COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Annunziata and Overton
Argued at Norfolk, Virginia


PAUL N. CARRITHERS
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1506-96-1    JUDGE NELSON T. OVERTON
                                         MAY 6, 1997
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                         Robert W. Curran, Judge

          Ronald L. Smith for appellant.

          Eugene Murphy, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.



     Paul N. Carrithers was convicted of embezzlement in

violation of Code § 18.2-111.  He appeals, contending that the

evidence is insufficient to support his conviction.  We disagree,

and we affirm.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, no recitation of the facts is necessary.

     On appeal, the evidence must be viewed in a light most

favorable to the Commonwealth.  See Higginbotham v. Commonwealth,

216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  A judgment will

not be disturbed on appeal unless it is plainly wrong or without

evidence to support it.  See Traverso v. Commonwealth, 6 Va. App.

          [*]Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

172, 176, 366 S.E.2d 719, 721 (1988).

"To establish the crime of embezzlement under Code § 18.2-111, the Commonwealth must prove that the accused wrongfully appropriated to his or her own use or benefit, with the intent to deprive the owner thereof, the property entrusted or delivered to the accused."  Zoretic v. Commonwealth, 13 Va. App. 241, 243, 409 S.E.2d 832, 833-34 (1991).  The Commonwealth need not prove the existence of a formal fiduciary relationship, but merely "prove that the defendant was entrusted with the property of another."  Chiang v. Commonwealth, 6 Va. App. 13, 17, 365 S.E.2d 778, 780 (1988).

The evidence presented at trial supports the conviction. Carrithers, the defendant in this case, had entered into a contract by which he had agreed to pay the indebtedness of the victims.  The victims entrusted monies to the defendant for that purpose.  Evidence was presented, through testimony of the victims' attorney and correspondence from Carrithers personally, that entitled the fact finder to believe that Carrithers did receive the monies.  Rather than using the monies for the purpose for which they were intended, however, Carrithers appropriated them for some other purpose.

All of the elements of embezzlement having been proven, we affirm the conviction.

Affirmed.