COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued at Chesapeake, Virginia


ALVIN T. DARDEN, JR., S/K/A
 ALVIN TYRONE DARDEN, JR.
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2438-00-1          JUDGE LARRY G. ELDER
                                         JULY 17, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                      Rodham T. Delk, Jr., Judge

              Dwayne B. Strothers (Alexander P. Smith and
              Associates, P.C., on brief), for appellant.

              H. Elizabeth Shaffer, Assistant Attorney
              General (Mark L. Earley, Attorney General, on
              brief), for appellee.


     Alvin Tyrone Darden (appellant) appeals from his bench

trial conviction for embezzlement in violation of Code

§ 18.2-111.  On appeal, he contends the evidence was

insufficient to prove he acted with the requisite intent.  We

disagree and affirm the conviction.

     In reviewing the sufficiency of the evidence, we examine

the record in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358

S.E.2d 415, 418 (1987).  The judgment of a trial court will be

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

disturbed only if plainly wrong or without evidence to support it.  See id.  The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters to be determined by the fact finder.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

A conviction for embezzlement under Code § 18.2-111 may be sustained on proof that the accused "wrongfully and fraudulently use[d], dispose[d] of, conceal[ed] or embezzle[d] any money . . . [or] check . . . which he shall have received . . . by virtue of his . . . employment."  Code § 18.2-111; see Waymack v. Commonwealth, 4 Va. App. 547, 549, 358 S.E.2d 765, 766 (1987).  "To establish the requisite intent, it is not necessary to show that the defendant wrongfully appropriated the entrusted property to his or her own personal use or benefit."  Chiang v. Commonwealth, 6 Va. App. 13, 17, 365 S.E.2d 778, 780-81 (1988).  Under the express language of the statute, the defendant's "diver[sion of] funds to benefit another . . . is sufficient to establish the wrongful appropriation of the property to his or her own use."  Id. at 17, 365 S.E.2d at 781 (emphasis added).  The statute also does not require proof that the accused intended permanently to deprive the owner of the property.  Evans v. Commonwealth, 226 Va. 292, 297, 308 S.E.2d 126, 129 (1983); see Ketchum v. Commonwealth, 12 Va. App. 258, 261, 403 S.E.2d 382, 383 (1991).  Proof of the "'[u]nauthorized and wrongful exercise of dominion and control over another's

-

personal property, to the exclusion of or inconsistent with [the] rights of the owner" is sufficient.  <u>Evans</u>, 226 Va. at 297, 308 S.E.2d at 129 (quoting <u>Black's Law Dictionary</u> 300 (5th ed. 1979)).

Embezzlement is punishable as grand larceny if the value of the property wrongfully appropriated exceeds $200.  <u>See</u> Code § 18.2-111; <u>see also</u> Code §§ 18.2-95, 18.2-96.

Intent may, and usually must, be proven by circumstantial evidence, <u>see</u> <u>Servis v. Commonwealth</u>, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), such as a person's conduct and statements, <u>see</u> <u>Long</u>, 8 Va. App. at 198, 379 S.E.2d at 476 (1989).  Proof of deceitful conduct, for example, may establish the requisite fraudulent intent.  <u>See</u> <u>Smith v. Commonwealth</u>, 222 Va. 646, 652, 283 S.E.2d 209, 212 (1981) (in case involving disappearance of arena tickets for wrestling event, noting defendant's prior inconsistent statements about his contact with tickets established untruthfulness and provided evidence of requisite criminal intent, which, in turn, was relevant to establish that he was the criminal agent); <u>Waymack</u>, 4 Va. App. at 550, 358 S.E.2d at 766 (in reversing defendant's conviction, noting absence of evidence that she attempted to conceal allegedly criminal activity).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of

-

guilt."  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d

864, 876 (1983).  "[T]he Commonwealth need only exclude

reasonable hypotheses of innocence that flow from the evidence,

not those that spring from the imagination of the defendant."

Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27,

29 (1993).

Here, the evidence, viewed in the light most favorable to

the Commonwealth, established that appellant "wrongfully and

fraudulently use[d], dispose[d] of, conceal[ed] or embezzle[d]

any money . . . [or] check . . . which he shall have received

. . . by virtue of his . . . employment."  Code § 18.2-111.

Although the evidence indicated that appellant's employer, Lucia

Specialized Hauling, had sometimes allowed employees to treat

company travel expense funds as an advance on their pay under

certain circumstances, Dispatcher Diane Scott testified that she

and appellant had been reprimanded for the previous improper use

of company funds and were "on a little bit of a[] . . . trial,

so to speak."  As a result, Scott specifically told appellant

that the two company checks she gave him on June 25, 1999, were

"[f]or [the] trip" on which he was about to depart and that he

should be "very careful with [the] money."  The trial court, as

the finder of fact, was entitled to credit Scott's testimony and

to disbelieve appellant's claim that Scott gave him no such

warning.

-

Despite Scott's warning, appellant admitted that he cashed the second $200 check and gave the proceeds to his wife before leaving town on his trucking assignment, and the funds, therefore, were unavailable when his truck required emergency repairs. When appellant contacted Lucia about his mechanical difficulties, he lied to Scott and Kary Harrell, the company's manager, about what had happened to the check. Appellant claimed he did so because Scott would have been mad if she knew he had given the money to his wife, but the trial court was entitled to reject this testimony and to conclude that appellant lied about losing the check in an effort to prevent his employer from learning he had appropriated the funds for his own use.

Thus, the only reasonable hypothesis flowing from the evidence, viewed in the light most favorable to the Commonwealth, was that appellant embezzled at least $200 from his employer. Appellant's act of giving the money to his wife constituted the "wrongful exercise of dominion and control over" Lucia's property and was inconsistent with the rights of the owner because the funds were unavailable for use when appellant's truck required emergency repairs.

Zoretic v. Commonwealth, 13 Va. App. 241, 409 S.E.2d 832 (1991), cited by appellant on brief, is inapposite. In Zoretic, the evidence was insufficient to establish that the accused was the criminal agent. Id. at 243-44, 409 S.E.2d at 834. Although someone had deprived the undercover agent of his money, a

-

reasonable hypothesis flowing from the evidence, viewed in the light most favorable to the Commonwealth, was that "Zoretic was attempting to fulfill his agreement [with the undercover officer] to purchase drugs" and that it was Zoretic's supplier, McPherson, rather than Zoretic, who misappropriated the officer's money. Id. at 244, 409 S.E.2d at 834. This Court held that Zoretic's repeated acknowledgment of his debt to the officer and his promise to repay him was insufficient to prove either that he was the criminal agent or that he acted with the requisite intent. Id.

In appellant's case, in contrast to Zoretic, the identity of appellant as the person who appropriated the money was not contested. The only disputed issue was whether appellant's actions constituted embezzlement. As detailed above, the only reasonable hypothesis flowing from the evidence, viewed in the light most favorable to the Commonwealth, was that appellant acted with the requisite intent when he diverted the money for the benefit of a third party, rendering it unavailable for his employer's use. Scott specifically warned appellant the money was to be used for business purposes. Appellant used the money for a non-business purpose, giving it to his wife before ever even leaving on his trip. Although he claimed at trial that he thought the company would simply deduct the amount from his paycheck, he demonstrated a consciousness of guilt when he lied

-

to Scott and Harrell about what he had done with the money, telling them originally that he had lost it.

For these reasons, we hold that the circumstantial evidence was sufficient to exclude all reasonable hypotheses of appellant's innocence, and we affirm appellant's conviction.

<u>Affirmed.</u>

-