COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges McClanahan and Haley
Argued at Salem, Virginia


KEDITH CLAUDETTE MAYNOR

MEMORANDUM OPINION[*] BY

v.        Record No. 1152-04-3                    JUDGE JAMES W. HALEY, JR.
                                                  OCTOBER 25, 2005

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Ray W. Grubbs, Judge

Richard W. Davis, Jr. (Davis, Davis & Davis, on brief), for
appellant.

Kathleen B. Martin, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


Kedith Claudette Maynor challenges the sufficiency of the evidence of her misdemeanor

embezzlement conviction.  Finding the evidence sufficient, we affirm.

I.

Under familiar principles, we "review the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Moore v.

Commonwealth, 45 Va. App. 146, 149, 609 S.E.2d 74, 76 (2005); see also Lewis v.

Commonwealth, 269 Va. 209, 211, 608 S.E.2d 907, 908 (2005); Archer v. Commonwealth, 26

Va. App. 1, 11, 492 S.E.2d 826, 831 (1997).

II.

Appellant worked as a sales clerk for Belk department store at the New River Valley

Mall in Christiansburg, Virginia.  On July 12, 2003, the store's loss prevention officer, Kevin

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

English, conducted an internal investigation that focused on the appellant. Mr. English directed the store's surveillance camera equipment to record the register where appellant was stationed. Mr. English testified that he concentrated on one particular transaction between appellant and a lady shopping in the store's junior department.

While being viewed by the trial court, Mr. English narrated the store's videotape, which was ultimately admitted into evidence. Mr. English testified that he observed the customer bring multiple items to appellant's register, drop the items at the register, and continue shopping. This conduct continued over the course of approximately twenty minutes. Mr. English indicated that the videotape showed the appellant remove the electronic sensor tags from these items, along with the sensor tag from a dress that hung behind the register, before scanning these items into the register. Appellant also removed the price tags from these items. Mr. English stated that, "Price tags are not normally removed during the sales procedure." After observing the entire transaction, Mr. English compared the events depicted on the videotape to the store's transaction records.

Robin Gatewood, the area sales manager for Belk's New River Mall store, testified at trial that the customer left the store with twelve items while only paying for three. Ms. Gatewood stated that the nine items that the customer did not pay for totaled $211. She testified that the customer paid $24.53 (the total for three of the items) in cash and left the store with all twelve items in two large bags. Ms. Gatewood opined that a transaction totaling three items would generally require only one bag. Additionally, Ms. Gatewood described the normal procedure for a customer sales transaction. Normally, "[I]f that particular merchandise has sensor tags . . . [an associate] would remove that tag prior to putting it into the bag." Ms. Gatewood reiterated that removing any other tags, tickets, or UPC codes is against store procedure.

Appellant testified and characterized the transaction as "an honest mistake." She explained that she was very busy that day but admitted that it had been fifteen minutes since her last transaction and an hour until her next transaction at her register. She testified that she had worked at Belk "off and on" for two years and "would never lose anything for Belk."

The trial judge convicted and sentenced her to a twelve-month suspended sentence and one-year probation.

III.

Initially, we note that the decision of the trial court will not be disturbed unless plainly wrong or without evidence to support it. See McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*). "If there is evidence to support the conviction," this Court will not substitute its judgment for that of the trier of fact, even were our opinion to differ. Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998).

Code § 18.2-111 defines the crime of embezzlement and sets forth the requirements for a conviction under the statute. "To establish the statutory crime of embezzlement, the Commonwealth must prove that the accused wrongfully appropriated to her use or benefit, with the intent to deprive the owner thereof, the property entrusted to her by virtue of her employment or office." Nestle v. Commonwealth, 22 Va. App. 336, 341, 470 S.E.2d 133, 136 (1996). However, the "benefit" element of the crime is not limited to receipt of the embezzled item by the embezzler. Thus, in Chiang v. Commonwealth, 6 Va. App. 13, 17, 365 S.E.2d 778, 781 (1988), this Court held: "Code § 18.2-111 only requires that a person 'wrongfully and fraudulently use, dispose of, conceal or embezzle' the property. Therefore, if the defendant diverts funds to benefit another, that action is sufficient to establish the wrongful appropriation of the property to his or her own use."

The trial judge found the evidence presented sufficient to base a conviction under this statute, noting that both the testimonial and videotape evidence aided his decision. With regards to the testimonial evidence, "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citations omitted). "Determining the credibility of witnesses who give conflicting accounts is within the exclusive province of the [trier of fact], [who] has the unique opportunity to observe the demeanor of the witnesses as they testify." Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993). The trial judge found the witnesses' testimony credible and appropriately weighed their testimony against the explanation offered by appellant.

The trial judge was not required to accept appellant's claim that the incident was "an honest mistake." "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). See also Morris v. Commonwealth, 269 Va. 127, 133, 607 S.E.2d 110, 114 (2005).

"Given an adequate foundation assuring the accuracy of the process producing it, [a videotape] should be received as a so-called silent witness or as a witness which 'speaks for itself.'" Brooks v. Commonwealth, 15 Va. App. 407, 410, 424 S.E.2d 566, 569 (1992). The Commonwealth introduced the videotape for that permissible purpose of a silent witness, and the trial judge appropriately considered that evidence in his ruling.

Considering the evidence in the light most favorable to the Commonwealth, according to the loss prevention officer, Mr. English, the videotape showed appellant removing the sensor tags and price tags, the latter removed against store procedure. As Mr. English also testified, store clerks do not "normally remove[] price tags during the sales procedure." Additionally, Ms.

- 4 -

Gatewood described the normal sales procedure noting that sensor tags are removed just before placing the items into a bag. Here, according to Mr. English's testimony, Maynor removed the sensor tags even before scanning the items into the register.

IV.

In light of the foregoing, we hold the evidence suffices to affirm the conviction.

<u>Affirmed.</u>