COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Elder and Beales
Argued at Richmond, Virginia


ISSAC GRINELL SIMMONS

                                            MEMORANDUM OPINION[*] BY
v.      Record No. 2035-06-2          CHIEF JUDGE WALTER S. FELTON, JR.
                                                    JULY 29, 2008
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                          Richard D. Taylor, Jr., Judge

        Karen L. Stallard, Supervising Appellate Defender (Office of the
        Public Defender, on briefs), for appellant.

        Joanne V. Frye, Assistant Attorney General (Robert F. McDonnell,
        Attorney General; Karri B. Atwood, Assistant Attorney General, on
        brief), for appellee.


        Following a bench trial, Issac Grinell Simmons ("appellant") was convicted of possession of

cocaine with intent to distribute in violation of Code § 18.2-248.  On appeal, he contends the trial

court erred in denying his motion to suppress evidence of cocaine found in the search of the car he

was driving following his arrest for trespassing.  He also argues the trial court erred in finding him

guilty of possession of cocaine with intent to distribute, contending the evidence was insufficient to

prove he knew the clear plastic bag containing the cocaine was present in the car.  For the following

reasons, we affirm appellant's conviction.  As the parties are familiar with the record below, we cite

only those facts necessary to the disposition of the appeal.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

### I. Motion to Suppress

Appellant contends the trial court erred in denying his pretrial motion to suppress the cocaine found in the car he was driving during a search incident to his arrest for trespassing, a misdemeanor offense in violation of Code § 18.2-119. He argues that Code § 19.2-74 required the officers to issue a summons, rather than to place him under custodial arrest for a violation of a misdemeanor and that evidence seized incident to his arrest in violation of Code § 19.2-74 must be suppressed.

At oral argument, appellant conceded that Virginia v. Moore, 128 S. Ct. 1598 (2008) (Fourth Amendment exclusionary rule does not require exclusion of evidence seized from person during search incident to valid seizure for misdemeanor violation for which Code § 19.2-74 required release on summons), decided after his conviction, is controlling. While we are not bound by a party's concession of law, see Epps v. Commonwealth, 47 Va. App. 687, 703, 626 S.E.2d 912, 919 (2006) (*en banc*), aff'd, 273 Va. 410, 641 S.E.2d 77 (2007), we conclude from this record that pursuant to Moore, 128 S. Ct. at 1607-08, the trial court did not err in denying appellant's motion to suppress evidence found on his person incident to his arrest for trespassing, and in the car he was driving immediately prior to his arrest.

### II. Sufficiency

#### A.

On appeal of a conviction, we view the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth. Chiang v. Commonwealth, 6 Va. App. 13, 16, 365 S.E.2d 778, 780 (1988). "'A conviction will be affirmed unless it appears from the evidence that it is plainly wrong or without evidence to support it.'" Id. (quoting Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985)). We consider "whether a reasonable [trier of fact], upon consideration of all the evidence, could have rejected [appellant's]

theories in his defense and found him guilty . . . beyond a reasonable doubt." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003).

To convict appellant of possession of cocaine found in the car he occupied seconds before his arrest for trespassing, the Commonwealth was required to prove beyond a reasonable doubt that he was "aware of the presence and character of the drug and that [he] consciously possessed it." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871-72 (1998) (citing Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975)). Possession may be actual or constructive. Id. at 426, 497 S.E.2d at 872. Constructive possession may be established when there are "acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).

While "occupancy of . . . [a] vehicle . . . in which a controlled substance was found shall not create a presumption that [the accused] either knowingly or intentionally possessed" that substance, Code § 18.2-250(A), occupancy of a vehicle in which a controlled substance is found is "a circumstance probative of possession" of that substance. Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998). In determining whether appellant possessed the bag of cocaine found in the car, the trial court was required to "consider 'the totality of the circumstances disclosed by the evidence.'" Id. (quoting Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979)).

Here, viewed in the light most favorable to the Commonwealth, the evidence presented proved that police observed appellant, at night, sitting in a tan Ford Taurus[1] parked on a public street adjacent to the Hillside Court apartment complex (Hillside Court), a Richmond Redevelopment and Housing Authority property from which appellant had been previously banned on more than one occasion.

Richmond Police Department Officers Partain, Marsh, and Thomas observed appellant get out of the car and enter the Hillside Court property from which he knew that he had been banned. Appellant was the sole occupant of the car. Within seconds after appellant left the car, and as he was walking toward two individuals standing a short distance away from the car, Officer Partain arrested him for trespassing, in violation of Code § 18.2-119.

At the scene, after an officer gave him the Miranda warnings, appellant informed the police that he had a suspended driver's license and that he had driven the car to Hillside Court from his mother's house a short distance away. When asked "why he had [the Taurus] and was driving if he didn't have a license," appellant responded, "[be]cause I was going out tonight." The record is silent concerning when and under what conditions appellant acquired possession of the car.

Officer Thomas found keys to the Taurus in appellant's hand. He took the keys and went to the parked car. The doors were locked, and the windows were closed. From the front driver's side window of the car, Officer Thomas observed "the tip of a plastic baggie sticking up from [under] the [front passenger] seat." Officer Hixson, who arrived at the scene separately, walked down the passenger side of the car, shining a flashlight into the windows. From the passenger side view mirror, he saw a clear plastic bag located on the front passenger floorboard, slightly in front of the

---

[1] Officers at the scene of appellant's arrest determined from the car's license tags that the car was registered to Frederick Giles, who was not present at the scene of appellant's arrest, and who did not testify at trial.

front passenger seat and adjacent to the center gearshift console. He recognized the "off-white rocks" in the clear plastic bag to be consistent with crack cocaine.

At trial, the Commonwealth's evidence proved that the clear plastic bag recovered from the car contained 41.1 grams of cocaine, with a street value of approximately $4,100. Expert testimony established that the cocaine, packaged in four separate bags, was packaged in a manner consistent with "mid-level" distribution to street-level drug dealers.

In a search of appellant's person following his arrest for trespassing, police discovered ten grams of marijuana, $209 in cash, and a cell phone. Expert testimony established that the currency found on appellant was organized by denomination in a manner consistent with the sale of drugs.

Here, the evidence presented at trial, together with reasonable inferences drawn therefrom, was sufficient to support the trial court's finding of fact that appellant was aware of, had control of, and consciously possessed the clear plastic bag of cocaine positioned on the front passenger floorboard next to the car's gearshift console and within his arm's reach. See White v. Commonwealth, 24 Va. App. 446, 452, 482 S.E.2d 876, 879 (1997). Moreover, the evidence in the record was sufficient for the trial court to find that neither the registered owner nor any previous occupant of the car would likely have left $4,100 worth of cocaine, packaged for "mid-level" distribution to street-level drug dealers, sitting unsecured in that car. See Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 883 (1992) (*en banc*) (fact finder may reasonably "infer from the value of drugs found on premises owned or occupied by an individual that it is unlikely anyone who is a transient would leave a thing of great value in a place not under his dominion and control").

B.

Appellant also argues that the Commonwealth failed to prove that the two unidentified individuals standing on the sidewalk were not passengers in the car he was driving prior to the

officers' arrival and that one of those individuals could have left the cocaine sitting on the front passenger seat floorboard. In his responses to police questioning, appellant never told the police that he was with either of the unidentified individuals standing on the sidewalk, or that they or anyone else had been passengers in the car. He was the sole occupant of the car when first observed by the officers. As this Court has previously noted, the "Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned, or placed the drugs" in the car driven by appellant. Id. at 10, 421 S.E.2d at 883. "[T]he hypotheses [of innocence] which must be reasonably excluded [by the evidence] are those which flow from the evidence itself, and not from the imagination of" the accused. Turner v. Commonwealth, 218 Va. 141, 148, 235 S.E.2d 357, 361 (1977).

From the evidence in the record, we conclude the trial court did not err in finding that appellant was aware of the presence, nature, and substance of the clear plastic bag in the car containing cocaine and that it was under his dominion and control.

### III. Conclusion

We conclude the trial court did not err in denying appellant's motion to suppress evidence of cocaine found in the car he was driving just prior to his arrest for trespassing. We also conclude the trial court did not err in finding appellant unlawfully possessed the cocaine with the intent to distribute. Accordingly, we affirm appellant's conviction.

Affirmed.