### Richmond

## SUE-ANNE ALEXANDRA WAYMACK

v.

## COMMONWEALTH OF VIRGINIA

No. 1555-85

Decided August 4, 1987

COUNSEL

B. Randolph Boyd (Randolph, Boyd, Cherry & Vaughan, on brief), for appellant.

Elizabeth Shaffer (Mary Sue Terry, Attorney General of Virginia and Lucy H. Allen, Assistant Attorney General, on brief), for appellee.

OPINION

**DUFF, J.** — Sue-Anne Alexandra Waymack was convicted in a bench trial of petit larceny for embezzling funds from her employer, William G. Grogan. On appeal, she contends that the evidence was insufficient as a matter of law to sustain her conviction. We agree and reverse.

The record reveals that on May 24, 1985, in the law offices of Sanford Norman and William S. Grogan, Washington Morrow gave $285 to Sheila Starrett, a secretary who worked for Norman. The money was a payment for property Morrow was leasing through Grogan. Starrett took the money, counted it, gave Morrow a receipt, paper clipped the money to a note describing its origin, placed the money and the note in an envelope, and put the envelope in her unlocked desk drawer. The envelope remained in the desk over the Memorial Day weekend. The envelope was blank except for Norman's return address on it.

The following Tuesday, Starrett took the envelope from her desk, noticed that there appeared to be bills still in it and delivered it to Waymack, saying, "This is for Bill." Grogan never received the money and did not learn of the envelope until several weeks later when he asked Morrow about the payment due and was shown the receipt given by Starrett.

 Based upon our review of the record, we find that the evidence was insufficient as a matter of law to support an embezzlement conviction. To establish the statutory crime of embezzlement under Code § 18.2-111,[1] it is necessary to prove that the accused wrongfully appropriated to her use or benefit, with the intent to deprive the owner thereof, the property entrusted to her by virtue of her employment or office. *See Lee v. Commonwealth*, 200 Va. 233, 235-36, 105 S.E.2d 152, 154 (1958). The Commonwealth must overcome the presumption of innocence and establish guilt beyond a reasonable doubt. *Webb v. Commonwealth*, 204 Va. 24, 34, 129 S.E.2d 22, 29 (1963). The Virginia Supreme Court explained this burden of proof as follows:

> All necessary circumstances proved must be consistent with guilt and inconsistent with innocence. It is not sufficient that the evidence create a suspicion of guilt, however strong, or even a probability of guilt, but must exclude every reasonable hypothesis save that of guilt. To accomplish [this] the chain of circumstances must be unbroken and the evidence as a whole must be sufficient to satisfy the guarded judgment that both the *corpus delicti* and the criminal agency of the accused have been proved to the exclusion of any other reasonable hypothesis and to a moral certainty.

*Id.*

 In the present case, the Commonwealth failed to produce sufficient evidence to establish Waymack's criminal intent and agency. The Virginia Supreme Court has held that "proof that property entrusted to the possession of the accused has been misappropriated is not enough, standing alone, to prove that the accused was the embezzler. . . ." *Smith v. Commonwealth*, 222 Va. 646, 652, 283 S.E.2d 209, 212 (1981). The conviction in *Smith* was upheld because there was additional evidence to show

---

[1] Code § 18.2-111 provides in pertinent part: If any person wrongfully and fraudulently use, dispose of, conceal or embezzle any money, bill, note, check, order, draft, bond, receipt, bill of lading or any other personal property, tangible or intangible, which he shall have received for another or for his employer, principal or bailor, or by virtue of his office, trust, or employment, or which shall have been entrusted or delivered to him by another or by any court, corporation or company, he shall be deemed guilty of larceny thereof, may be indicted as for larceny, and proof of embezzlement under this section shall be sufficient to sustain the charge.

that the accused had acted with the requisite criminal intent and that his conduct was designed to conceal his criminal purpose.

The Commonwealth presented no evidence that Waymack attempted to conceal her alleged criminal activity or that she possessed the criminal intent necessary to sustain her conviction. The record discloses that Waymack was a temporary employee; that she received the envelope on her first day on the job; and that she was given little direction as to what to do with it. There is no evidence that Waymack knew that the envelope contained money, or that she attempted to hide it or exert control over its contents. While there may be a suspicion, or even a probability that Waymack may have taken the money, this is not sufficient to support a conviction. *Webb*, 204 Va. at 35, 129 S.E.2d at 29.

Further, the record reveals an apparent lack of security within the Norman and Grogan offices. Upon receipt, the Morrow payment was placed in an unlocked desk drawer over the three-day Memorial weekend; numerous people had access to the desk. Several witnesses were not questioned regarding their knowledge of the missing funds, nor was Grogan interrogated as to the daily accounting methods used in his office. There is no evidence concerning the manner in which funds were received and deposited, except that a full-time secretary, who was on vacation at the time of the Morrow transaction, sometimes deposited the office payments. Also, there is nothing in the record to indicate that a search was made to locate the funds or to examine the financial records to determine if the money was missing or if it had been inadvertently deposited in the wrong account.

An individual cannot be held criminally liable for embezzling funds where the evidence shows that persons other than the accused received funds, made entries in accounting books, had access to the cash drawer, and where additionally there was no showing that the accused converted the funds to his or her own use. *See Webb*, 204 Va. at 34, 129 S.E.2d at 30.

Accordingly, we find that the Commonwealth's evidence failed to establish that Waymack was the criminal agent or that she possessed the criminal intent necessary to support her conviction. The

judgment is reversed and the indictment is dismissed.

*Reversed and dismissed.*

Barrow, J., and Cole, J., concurred.