**Richmond**

APRIL D. KETCHUM

v.

COMMONWEALTH OF VIRGINIA

No. 0225-89-2

Decided April 9, 1991

COUNSEL

John E. Lichtenstein (Bremner, Baber & Janus, on brief), for appellant.

Richard B. Smith, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

BAKER, J.—April D. Ketchum (appellant) appeals from a judgment of the Circuit Court of the City of Petersburg (trial court) which approved a jury verdict convicting her for violation of Code § 18.2-117 which provides:

> If any person comes into the possession as bailee of any animal, aircraft, vehicle, boat or vessel, and fail to return the same to the bailor, in accordance with the bailment agreement, he shall be deemed guilty of larceny thereof and receive the same punishment, according to the value of the thing stolen, prescribed for the punishment of the larceny of goods and chattels. *The failure to return to the bailor* such animal, aircraft, vehicle, boat or vessel, *within five days from the time the bailee has agreed in writing to return the same shall be prima facie evidence of larceny* by such bailee of such animal, aircraft, vehicle, boat or vessel. (emphasis added).

Appellant asserts that because Code § 18.2-117 contains the phrase "shall be deemed guilty of larceny" the Commonwealth must prove all the elements required to sustain a conviction for common law larceny, including, proof that she intended to permanently deprive the owner of the rental vehicle. For that reason, appellant contends that the trial court erred when it refused her request for the following instruction:

> If you find from the evidence that the defendant did not intend to keep the rental car indefinitely and intended to return it at some point in time, you must find the defendant not guilty.

The sole issue presented by this appeal is whether the phrase "he shall be deemed guilty of larceny" contained in the statute requires the Commonwealth to prove beyond a reasonable doubt that appellant intended to permanently deprive the owner of a vehicle rented to her pursuant to a written rental agreement. We hold that the Commonwealth is not required to prove that element of common law larceny in order to sustain the conviction.

Viewing the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom, we find that on February 19, 1988, appellant entered into a written agreement with Auto Lease (owner) pursuant to which she rented a Ford vehicle valued at $8,900. When she signed the agreement she falsely stated her age to be twenty-five years, when in fact she was only twenty. The agreement provided that she would return the vehicle on February 22, 1988; however, two days after signing the agreement and taking possession of it she was given the right to extend possession for two days, provided she would come to the owner's office and make an additional deposit. Owner claimed that the deposit was never made.

When appellant failed to return the vehicle as agreed, owner mailed a certified letter to her at the address she had given as her residence on the rental application. The letter demanded immediate return of the rented vehicle and included a warning of prosecution.

When return of the vehicle was four days overdue, appellant telephoned owner, promised to make the required deposit and requested further extension of the agreement. She neither made the deposit nor returned the vehicle. On February 29, 1988, owner attempted to contact appellant's employer listed on her vehicle rental application and was told that appellant was no longer employed there. On March 1, owner procured a warrant for her arrest. Later that same day, appellant again telephoned owner and was told that the warrant had been issued. She again was requested to return the vehicle but did not.

On March 13, 1988, a police officer located the vehicle at a gas station in Colonial Heights, a city adjacent to Petersburg. The police returned the vehicle to owner on that day. The vehicle had been driven 4,541 miles between February 19 and March 13.

In *Evans v. Commonwealth*, 226 Va. 292, 308 S.E.2d 126 (1983), the defense counsel asserted that intent to deprive the owner of his property is a necessary element which must be proved to sustain a conviction for embezzlement under Code § 18.2-111. *Id.* at 297, 308 S.E.2d at 129. In relevant part, that Code section provided that if any person committed the wrongs relating to the property described therein "which shall have been entrusted to him . . . by another . . . *he shall be deemed guilty of larceny thereof.*" As applicable to embezzlement, the Supreme Court rejected the argument that intent to permanently deprive the owner must be proved. We adopt the reasoning of *Evans* and hold that proof of intent to permanently deprive the owner of his or her property is not required to sustain a conviction under Code § 18.2-117.

In *Evans*, the Supreme Court noted that property is converted when there has been an "[u]nauthorized and wrongful exercise of dominion and control over another's personal property, to exclusion of or inconsistent with rights of the owner." *Id.* at 297, 308 S.E.2d at 129. The Court then added:

> Proof was adduced that Evans . . . converted the customer security list by exercising dominion and control inconsistent with the rights of Central Fidelity, the owner. The proof therefore justified the conviction of statutory embezzlement.

*Id.* In the case before us, proof was adduced that appellant failed within five days from the due date to return the vehicle to the place and at the time required by the written agreement. Evidence of that failure established a prima facie case of larceny. Code § 18.2-117. While the prima facie case may be rebutted by other evidence, in this case that issue was decided adversely to appellant. We find that the prima facie case proved by the Commonwealth is sufficient to support appellant's conviction for the statutory offense of failure to return rental property.

Appellant relies on *Molash v. Commonwealth*, 3 Va. App. 243, 348 S.E.2d 868 (1986), to support her claim that Code § 18.2-117 codifies the crime of larceny. In *Molash*, no proof was adduced of a written contract specifying a time and place certain for the vehicle to be returned. Thus, the Commonwealth did not have the benefit of the prima facie proof provided by Code § 18.2-117. More in point to this appeal is *Maye v. Commonwealth*, 213 Va.

48, 189 S.E.2d 350 (1972), which distinguishes common law larceny from the offense proscribed by Code § 18.2-117. *Maye* held that a trespassory taking, an essential element of common law larceny, is not an essential element to be proved to sustain a conviction for violation of Code § 18.2-117; thus, Code § 18.2-117 does not codify the common law crime of larceny but rather creates a statutory offense for failing to return the property in accordance with the terms of the agreement. That section imposes an absolute duty on appellant to return the rental car to its owner at the time and place stipulated by the rental agreement. *See Stegall v. Commonwealth*, 208 Va. 719, 722, 160 S.E.2d 566, 568 (1968). Failure to abide by the terms of the written agreement within five days of the due date creates a prima facie case of fraudulent intent. Proof of intent to permanently deprive is not an essential element of the crime. In fact, the five-day requirement which creates the prima facie case belies the notion that the legislature intended that the elements of larceny must be proved.

The trial court instructed the jury that to find appellant guilty they must believe beyond a reasonable doubt (1) that the defendant was the bailee of a certain 1987 Ford Tempo automobile, bearing Virginia License No. RKH-859; (2) that the defendant knowingly and with fraudulent intent failed to return said automobile in accordance with the terms of the bailment agreement; and (3) that the value of said automobile was in excess of $200. That instruction properly stated the law of the case, and it was not error to refuse an instruction which would have required proof of intent to permanently deprive the owner of its property.

In summary, because Code § 18.2-117 is a statutory, not a common law crime, proof of intent to permanently deprive is not an element necessary to sustain a conviction for its violation. It was not error for the trial court to instruct as to fraudulent intent and to refuse the instruction which would have required the jury to make the determination of intent to permanently deprive the owner of the property.

At trial, appellant presented evidence on her behalf which conflicted with some evidence presented by the prosecution. The jury declined to accept the excuse she related for her failure to return the vehicle. In such cases, our Supreme Court provides us with the following guide:

In testing the credibility and weight to be ascribed to the evidence, we must give trial courts and juries the wide discretion to which a living record, as distinguished from a printed record, logically entitles them. The living record contains many guideposts to the truth which are not in the printed record; not having seen them ourselves, we should give great weight to the conclusions of those who have seen and heard them.

*Bradley v. Commonwealth*, 196 Va. 1126, 1136, 86 S.E.2d 828, 834 (1955).

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*

Benton, J., and Keenan, J., concurred.