COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Benton and Elder
Argued at Richmond, Virginia


ANGELA MARIE PETTWAY

                                    MEMORANDUM OPINION[*] BY
v.  Record No. 0599-97-2           JUDGE JAMES W. BENTON, JR.
                                         JUNE 16, 1998
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    Herbert C. Gill, Jr., Judge

            John E. Dodson (Gordon, Dodson & Gordon, on
            briefs), for appellant.

            Ruth Ann Morken, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


        Angela Marie Pettway was convicted of embezzling funds in
excess of two hundred dollars from her employer. See Code
§§ 18.2-95 and 18.2-111. She contends that the evidence was
insufficient to prove the elements of the offense beyond a
reasonable doubt. For the reasons that follow, we reverse the
conviction.

                                I.

        The evidence proved that Angela Marie Pettway was employed
as an assistant manager at a McDonald's restaurant. One of
Pettway's duties was to periodically deposit the restaurant's
money at the bank. The restaurant's owner required all monies
which were to be deposited in the bank to be placed in a clear

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

plastic bag and assigned a specific number. Prior to making a deposit, the assistant manager was required to record on a ledger the bag number, deposit amount, and deposit date and to initial the entry. The deposit was then to be placed in the outside deposit box at the People's Bank of Virginia. Approximately two days after each deposit, the bank routinely sent to the restaurant's office manager a deposit slip for any money deposited.

On August 5, 1996, Pettway entered on the ledger a deposit pursuant to the restaurant's policy. On August 9, the restaurant's office manager was reviewing deposit slips from the bank when she discovered that a deposit slip for $2,947 was missing. The ledger indicated that $2,947 was to have been deposited on August 5, by Pettway. During her search for the deposit, the office manager spoke with the bank manager, who said the bank never received the deposit.

The same day, the office manager called Pettway at home to make inquiry. Pettway said that she had been responsible for several deposits during the week and that she had not made one of these deposits, which could have been the August 5 deposit. The office manager testified that she later learned that the deposit on August 6 had been made by another person.

The bank manager testified and described the bank's general procedure for handling deposits received from the deposit box. She explained that the customer has a key that opens the box.

- 2 -

When the deposit is placed in the deposit box, it drops through a chute into a large bin. The door to the deposit box automatically locks when closed. When the bank's employees collect the deposits from the box inside the bank, two bank employees remove the contents, count the deposits, and record the amount. Each deposit is then processed by a teller. The bank manager also testified that the deposit box undergoes regular maintenance inspections and that she was not aware of any malfunctions on August 5.

Pettway testified she entered the deposit on the ledger, went to the bank on August 5, and put the money into the deposit box. She also testified that as she was driving on the bank's premises to make the deposit, she saw Robert Davis, an insurance broker, standing outside and waved to him. Pettway explained her response to the office manager's inquiry by testifying that she had arranged with the restaurant's manager to leave a deposit in the safe that same week because she had to leave work early for a dental appointment. She testified that another employee made that deposit on August 6 in her stead.

Davis, the insurance broker, testified that he saw Pettway at the bank on August 5. He testified that he was talking to a customer when he saw Pettway in the lane leading to the deposit box. However, he did not see whether she made a deposit.

Troy Ross, another restaurant employee, testified he also makes deposits at the bank for the restaurant. He testified that

in early 1996 when he was making a deposit, the bank's deposit box was malfunctioning.  When he approached the box, he noticed that it was ajar.  Two deposit bags had become lodged in the chute so as to keep the door open.  He opened the door and slammed it closed to cause the bags to drop.

At the conclusion of the evidence, the trial judge convicted Pettway of embezzlement.

## II.

To sustain a conviction for embezzlement under Code § 18.2-111, the Commonwealth must prove three elements:  (1) the accused received property by virtue of her employment for her employer; (2) the accused wrongfully and fraudulently converted the property to her own use; and (3) the value of the property exceeds $200.  See Code § 18.2-95.  The Commonwealth must prove beyond a reasonable doubt that the accused wrongfully and fraudulently converted the missing money.  See Waymack v. Commonwealth, 4 Va. App. 547, 549, 358 S.E.2d 765, 766 (1987).

Where the Commonwealth relies on circumstantial evidence to meet its burden of proof, the following standard applies:

> All necessary circumstances proved must be consistent with guilt and inconsistent with innocence.  It is not sufficient that the evidence create a suspicion of guilt, however strong, or even a probability of guilt, but must exclude every reasonable hypothesis save that of guilt.  To accomplish [this] the chain of circumstances must be unbroken and the evidence as a whole must be sufficient to satisfy the guarded judgment that both the corpus delicti and the criminal agency of the accused have been proved to the exclusion of any other reasonable hypothesis and to a

        moral certainty.

Webb v. Commonwealth, 204 Va. 24, 34, 129 S.E.2d 22, 29 (1963).

        The evidence regarding the bank procedures for handling deposits that were put in the box established only the usual procedures.  The bank manager testified that she had no knowledge of what occurred on August 5.  The Commonwealth failed to offer testimony from bank employees charged with accepting and accounting for deposits made on August 5, 1996.  Because those persons had access to any money that was deposited, the proof failed to establish a vital link in the handling of the funds. The bank manager's testimony of the usual procedure was not sufficient to prove beyond a reasonable doubt that Pettway did not deposit the funds in the deposit box on August 5.  The bank manager's testimony leaves to speculation whether the funds in the clear plastic bag were removed by the bank employees.

        Furthermore, Troy Ross, another restaurant employee, testified that on an occasion when he made a deposit at the bank, he had found the deposit box jammed and ajar.  Ross testified that he opened the box with his fingers and could have removed the deposit bags.  His testimony proved that the box could have malfunctioned on August 5 and been the cause of the lost deposit.

        When evidence is equally susceptible of two interpretations, one of which is consistent with the innocence of the accused, the trier of fact cannot arbitrarily adopt that interpretation which incriminates the accused.  See Littlejohn v. Commonwealth, 24 Va.

App. 401, 411, 482 S.E.2d 853, 858 (1997). No evidence tended to prove that Pettway "attempted to conceal her alleged criminal activity or that she possessed the criminal intent necessary to sustain her conviction." Waymack, 4 Va. App. at 550, 358 S.E.2d at 766. In six years of her employment at the restaurant, Pettway had been promoted from counter personnel to assistant manager. When the chain of circumstances was not proved to be unbroken, the absence of proof that Pettway embezzled the funds leaves only suspicion.

Accordingly, we reverse the conviction and dismiss the indictment.

Reversed and dismissed.