COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Overton and Senior Judge Baker
Argued at Norfolk, Virginia


CAMERON E. MAGOUIRK
                                   MEMORANDUM OPINION[*] BY
v.        Record No. 2768-97-1    JUDGE NELSON T. OVERTON
                                      NOVEMBER 24, 1998
COMMONWEALTH OF VIRGINIA

             FROM THE CIRCUIT COURT OF ISLE OF WIGHT COUNTY
                       E. Everett Bagnell, Judge

          Michael J. Lutke, Assistant Public Defender
          (Office of the Public Defender, on brief),
          for appellant.

          Michael T. Judge, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Cameron E. Magouirk (defendant) appeals his conviction of

grand larceny/embezzlement, in violation of Code §§ 18.2-95 and

18.2-111.  On appeal, he contends the evidence was insufficient

to support the conviction.  Specifically, he argues the

Commonwealth did not prove he intended to commit embezzlement.

Because we hold that the evidence was sufficient, we affirm.

     The parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedental

value, no recitation of the facts is necessary.

     "Where the sufficiency of the evidence is challenged after

conviction, it is our duty to consider it in the light most

favorable to the Commonwealth and give it all reasonable

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

inferences fairly deducible therefrom." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). We will reverse the conviction only if plainly wrong or without support in the evidence. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

"To establish the statutory crime of embezzlement under Code § 18.2-111, it is necessary to prove that the accused wrongfully appropriated to [his] use or benefit, with the intent to deprive the owner thereof, the property entrusted to [him] by virtue of [his] employment or office." Waymack v. Commonwealth, 4 Va. App. 547, 549, 358 S.E.2d 765, 766 (1987) (citing Lee v. Commonwealth, 200 Va. 233, 235-36, 105 S.E.2d 152, 154 (1958)). "Intent is the purpose formed in a person's mind that may, and often must, be inferred from the facts and circumstances in a particular case." Jennings v. Commonwealth, 20 Va. App. 9, 17, 454 S.E.2d 752, 756 (1995) (citing Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979)).

The facts and circumstances of this case proved that defendant intended to embezzle Ashe's tree climbing equipment. Subsequent to his termination from Ashe's employ, defendant was asked to return the equipment on four separate occasions. When Ashe made repeated, reasonable attempts to collect the gear at defendant's home, the gear was locked away in various locations, all of them inaccessible to Ashe. When defendant finally talked to Ashe, defendant lied by telling Ashe the equipment was in

North Carolina when, in reality, defendant had taken the gear to his mother's house in Isle of Wight.  Defendant also lied to Ashe about the length of time defendant was detained in jail.  In all, defendant did not return Ashe's equipment for twelve days following defendant's termination and was persuaded to do so only after he was in police custody.  The trier of fact was entitled to infer from these circumstances that defendant did not intend to return the equipment to his former employer.  See Ketchum v. Commonwealth, 12 Va. App. 258, 261, 403 S.E.2d 382, 383 (1991) (holding that failure to return a car five days past due proved intent).

We hold that the evidence was sufficient to support the conviction.  Therefore, defendant's conviction is affirmed.

Affirmed.