COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Annunziata and Lemons
Argued at Alexandria, Virginia


PATRICIA D. HILLSMAN

                                          MEMORANDUM OPINION[*] BY
v.    Record No. 1658-98-4                JUDGE LARRY G. ELDER
                                             DECEMBER 7, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Marcus D. Williams, Judge

          James W. Hundley (Briglia & Hundley, P.C., on
          brief), for appellant.

          Jeffrey S. Shapiro, Assistant Attorney
          General (Mark L. Earley, Attorney General;
          Daniel J. Munroe, Assistant Attorney General,
          on brief), for appellee.


     Patricia D. Hillsman (appellant) appeals from her bench

trial conviction for two counts of embezzling property valued at

more than $200.  On appeal, she contends the evidence was

insufficient to prove (1) that she wrongfully converted property

to her own use and (2) that the value of the embezzled property

was greater than $200.  We hold the evidence on both these

elements was sufficient to support her convictions, and we

affirm.

     In reviewing the sufficiency of the evidence, we examine

the record in the light most favorable to the Commonwealth,

          * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

granting to it all reasonable inferences fairly deducible therefrom. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The judgment of a trial court will be disturbed only if plainly wrong or without evidence to support it. See id. The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters to be determined by the fact finder. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

A conviction for embezzlement under Code § 18.2-111 requires proof "that the accused wrongfully appropriated to her use or benefit, with the intent to permanently deprive the owner thereof, . . . property entrusted to her by virtue of her employment or office." Waymack v. Commonwealth, 4 Va. App. 547, 549, 358 S.E.2d 765, 766 (1987); see Code § 18.2-111. Embezzlement is punishable as grand larceny if the value of the property wrongfully appropriated exceeds $200. See Code § 18.2-111; see also Code §§ 18.2-95, 18.2-96. The value of the stolen property is measured as of the time of the theft, and the original purchase price may be admitted as evidence of its current value. See Dunn v. Commonwealth, 222 Va. 704, 705, 284 S.E.2d 792, 792 (1981).

> While proof that property entrusted to the possession of the accused has been misappropriated is not enough, standing alone, to prove that the accused was the embezzler, where . . . there is additional evidence, sufficient to show that the accused acted with the requisite criminal

-

> intent and that his conduct was designed to
> conceal his criminal purpose, we will uphold
> a finding that the accused was the criminal
> agent.

Smith v. Commonwealth, 222 Va. 646, 652, 283 S.E.2d 209, 212 (1981).

Intent may, and usually must, be proven by circumstantial evidence, see Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), such as a person's conduct and statements, see Long, 8 Va. App. at 198, 379 S.E.2d at 476. "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Here, the evidence, viewed in the light most favorable to the Commonwealth, established that appellant "wrongfully appropriated to her use or benefit, with the intent to permanently deprive the owner thereof, . . . property entrusted to her by virtue of her employment or office." Waymack, 4 Va. App. at 549, 358 S.E.2d at 766. Appellant was responsible for ordering office supplies for her five-person branch of the

-

Fairfax County Department of Environmental Management (DEM) and for tracking orders for such supplies made by the department as a whole. Between March 10 and May 12, 1997--covered by the indictment alleging embezzlement between January 1 and May 31, 1997--appellant ordered 299 inkjet printer cartridges. Between June 10 and August 15, 1997--covered by the indictment alleging embezzlement between June 1 and September 30, 1997--appellant ordered 210 inkjet printer cartridges. The uncontroverted evidence established that these orders were prepared and placed by appellant and, in all cases except one, that the cartridges were received by appellant upon their delivery to her location code, EJ26L. Although office policy required the authorizing signature of Leora Motley or Needham Kelly on purchase orders for office supplies, the uncontroverted evidence established that appellant did not obtain authorization for any of these orders.

On one occasion, appellant improperly added an order for sixty printer cartridges to a purchase order already prepared by Joyce Murphy and authorized by Needham Kelly. She also altered the delivery location code to have the cartridges delivered to her rather than to Murphy. On five other occasions, appellant placed orders in the names of other employees, but all the orders requested delivery to appellant's location and were signed for by appellant, and the employees whose names appeared on the orders denied requesting or receiving the ordered

-

cartridges.  The only reasonable hypothesis flowing from this evidence is that appellant "acted with the requisite criminal intent and that [her] conduct was designed to conceal [her] criminal purpose."  Smith, 222 Va. at 652, 283 S.E.2d at 212.

Additional circumstantial evidence established that appellant's orders constituted embezzlement.  In the period of approximately five months between March 10 and August 15, 1997, appellant personally ordered, without authorization, at least 509 inkjet printer cartridges.  In the six-and-one-half months after she was terminated, her branch ordered only thirteen such cartridges.  During the period of time covered by the indictments, it was not unusual for appellant to leave the office with supplies, ostensibly to distribute them to other DEM employees who had ordered them.  However, given evidence that appellant placed all these orders without authorization and placed several of the orders in the names of employees who did not request the listed supplies, the fact finder could infer that appellant took advantage of this opportunity to remove the cartridges from DEM's premises.

The evidence also establishes that the inkjet cartridges appellant embezzled were valued at more than $200 for the period covered by each indictment.  It remains a possibility that at least a portion of the 509 printer cartridges appellant ordered remained on the premises and were used by DEM for legitimate business purposes.  However, the evidence establishes that the

-

financial management branch never kept more than about a dozen inkjet cartridges on hand at any one time and that it ordered only thirteen cartridges in the six months following appellant's termination. Therefore, the branch's usage for a period of about six months did not exceed twenty-five cartridges, the total of the thirteen cartridges ordered and the twelve on hand. Subtracting twenty-five cartridges from both the 299 appellant ordered between March 10 and May 12, 1997, and the 210 appellant ordered between June 10 and August 15, 1997, leaves a total of 274 and 185 cartridges, respectively.

Using a price of $22.23 per cartridge, the lowest price per unit paid by DEM for an inkjet cartridge during the relevant period, the approximate value of the cartridges appellant embezzled was $6,091.02 during the period of the first indictment and $4,112.55 during the period of the second indictment.[1] Although the exact value of the cartridges embezzled may not be ascertainable, under any reasonable calculation, the evidence of value fully supported the convictions for embezzlement of property valued at more than $200.

For these reasons, we hold the evidence was sufficient to prove appellant embezzled more than $200 worth of property

---

[1] Even using the lowest estimated street value of $8 per cartridge, the approximate value of the cartridges appellant embezzled was $2,192 during the period of the first indictment and $1,480 during the period of the second indictment.

during each of the two periods covered by the indictments, and we affirm appellant's convictions.

Affirmed.