COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


BETTY ANN NUZZO

                                              MEMORANDUM OPINION* BY
v.        Record No. 1394-02-2                JUDGE LARRY G. ELDER
                                              OCTOBER 14, 2003
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF HENRICO COUNTY
                          Gary A. Hicks, Judge

        John H. Goots (Chenault & Goots, PLC, on brief), for appellant.

        Stephen R. McCullough, Assistant Attorney General (Jerry W.
        Kilgore, Attorney General, on brief), for appellee.


        Betty Ann Nuzzo (appellant) appeals from her bench trial conviction for obtaining a drug

or controlled substance by fraud in violation of Code § 18.2-258.1.  On appeal, she contends the

court erroneously admitted pharmacy records without sufficient proof that the witness through

whom they were offered was the custodian of the records.  She also contends the evidence was

insufficient to prove she acted with the requisite intent to commit fraud when she obtained

duplicates of prescriptions she had received only a day earlier.  The Commonwealth contends

appellant failed to preserve the admissibility issue for appeal.

        We assume without deciding that appellant preserved the admissibility issue for appeal

and hold the evidence was properly admitted under the business records exception to the hearsay

rule.  Further, we hold the evidence was sufficient to support the conviction.  Thus, we affirm.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant was tried jointly with Zacharie Comeau, who was alleged to have aided and abetted her prescription fraud. Comeau was convicted for that offense and noted his appeal. In that separate appeal, Comeau contended that the Commonwealth failed to lay an adequate foundation for the admission of the pharmacy records and that the evidence was insufficient to prove any prescription fraud occurred. By memorandum opinion issued June 17, 2003, a panel of this Court disagreed and affirmed Comeau's conviction. Comeau v. Commonwealth, No. 1290-02-2 (Va. Ct. App. June 17, 2003). We rely on the reasoning of this Court in Comeau's case to hold that the admission of the challenged business records was not error.

We also rely in part on this Court's reasoning in Comeau's case to hold the evidence was sufficient to prove appellant acted with the requisite intent. Intent, like any element of a crime, may be proved by circumstantial evidence, Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), such as a person's conduct and statements, Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989). Proof of deceitful conduct, for example, may establish the requisite fraudulent intent. See Smith v. Commonwealth, 222 Va. 646, 652, 283 S.E.2d 209, 212 (1981); Waymack v. Commonwealth, 4 Va. App. 547, 550, 358 S.E.2d 765, 766 (1987).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

In the course of affirming Comeau's conviction for aiding and abetting prescription fraud, this Court stated expressly that the evidence proved "Nuzzo . . . obtained prescription

medications 'by fraud, deceit, misrepresentation' or 'subterfuge' or by 'concealment of a material fact' in violation of Code § 18.2-258.1(A)(i)[ and] (iii)" and, thus, established "Nuzzo's criminal culpability" for that offense.  Comeau, slip op. at 7-8.  It reached this conclusion based on a finding that Nuzzo represented to the pharmacy clerk that she had not obtained any prescriptions on the previous day.

We rely on this finding in Comeau's case to prove appellant acted with the requisite intent.  We hold further the evidence establishes that, whatever appellant's intent when she first entered the pharmacy on December 20, 2001, and spoke to the store's clerk, by the time she spoke with pharmacist Teresa Harris, she had the intent to deceive and, in fact, obtained the refill of the fiorigen with codeine "by fraud, deceit, misrepresentation, embezzlement or subterfuge." Although appellant claimed initially to have asked Pharmacy Clerk Charles Williams for only four or five prescriptions on December 20, she asked Pharmacist Harris for seven prescriptions. Appellant had only nine prescriptions on file, and she did not request refills of her claritin or albuteral.  This evidence supports the inference that she requested refills of the other seven prescriptions, including the augmentin, ibuprofen and fiorigen with codeine, even though she had obtained refills of those same prescriptions one day earlier.  Subsequently on December 20, during the same encounter, either appellant told Harris or Comeau told Harris, while Comeau was in appellant's presence and standing beside her, that appellant in fact had not received the augmentin, ibuprofen and fiorigen with codeine refills on December 19.  Harris's testimony coupled with the pharmacy's sign log confirmed that appellant picked up those prescriptions on December 19.  Appellant did not claim otherwise at trial.  In fact, she admitted that she used prescription medication to "get high" and that she had taken "just about all" of the fiorigen with codeine after she picked it up on December 19.

Thus, appellant's admission to the investigating officer that she had been "using drugs to get high . . . about a month or two," coupled with her acts of requesting seven prescriptions other than claritin and albuteral; representing or allowing her companion to represent that she had never received the augmentin, ibuprofen and fiorigen with codeine prescriptions filled on December 19; endorsing the sign log to indicate receipt of refills of those same prescriptions on December 20; and immediately ingesting herself and allowing her boyfriend to ingest all the fiorigen to "get high" establish that appellant acted with the requisite intent to "obtain" the refills "by fraud, deceit, misrepresentation, . . . or subterfuge." Code § 18.2-258.1. The only reasonable hypothesis flowing from the evidence, viewed in the light most favorable to the Commonwealth, is that appellant violated Code § 18.2-258.1.

For these reasons, we hold the admission of the sign log sheets was not reversible error and that the evidence was sufficient to prove appellant acted with the requisite intent to deceive. Thus, we affirm appellant's conviction.

Affirmed.