COURT OF APPEALS OF VIRGINIA

Present:  Judges Kelsey, Haley and Beales
Argued at Chesapeake, Virginia


FREDERICK CHRISTOPHER JAMES

MEMORANDUM OPINION[*] BY
v.      Record No. 1846-06-1          JUDGE JAMES W. HALEY, JR.
                                      DECEMBER 18, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
Glen A. Tyler, Judge

(A. Theresa Bliss, on brief), for appellant.  Appellant submitting on
brief.

(Robert F. McDonnell, Attorney General; Richard B. Smith, Special
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.


I.  Introduction

Code § 18.2-117 states in part:  "If any person comes into the possession as a bailee of

any . . . vehicle . . . and fail to return the same to the bailor, in accordance with the bailment

agreement, he shall be deemed guilty of larceny thereof."  Frederick Christopher James

maintains the evidence is insufficient to support his conviction under this statute.  We disagree

and affirm.

II.  Facts

On May 21, 2005, James was staying at the home of Markita Cropper (Cropper) in the

Eastern Shore region of Virginia, where he had been for about a week.  James requested Cropper

loan him the use of her 1996 Dodge Avenger automobile while she attended a wedding in

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Horntown, Virginia, which is in Accomack County. Cropper agreed. The vehicle had a value in excess of two hundred dollars. James drove Cropper to the wedding in her vehicle and, after Cropper got out of the car, drove away the vehicle.

Cropper testified as follows regarding the remaining relevant facts. Cropper conditioned James' use of her car on his returning to the wedding to pick her up by 7:00 p.m. James did not appear as scheduled. A friend of Cropper provided her transportation back to her home. Cropper received no information regarding James or the whereabouts of her car throughout May 21 and into the evening of May 22. At slightly after 10:00 p.m. in the evening of May 22, Cropper received a collect call from James, which she accepted. James stated he had locked the keys in the car and lacked money to hire a locksmith. He expressed an intention to call back later. Cropper called her cousin in Hampton, Virginia, and asked her if she could pick up her car. The conversation apparently did not last long, and James called Cropper back soon after it ended. At this point, James indicated he ran out of gas and did not have any money. He requested Cropper pick up the car at a gas station. Cropper told him she could not, but would ask her cousin to help. James indicated he would wait for the cousin to arrive. Cropper then phoned her cousin and told her the location of the car.

Cropper's cousin went to the gas station in Virginia Beach. She found the car unlocked and unattended, with the keys inside. The car had a quarter tank of gasoline. The cousin drove the car to her house, where Cropper picked it up in the afternoon of May 23.

James, who has multiple previous felony convictions, offered testimony substantially conflicting with Cropper's version of events, as follows. James left Cropper at the wedding, but Cropper did not indicate she needed the automobile returned at any certain time. James inquired how Cropper would get home, and she stated a friend would take her. Cropper also said she did not need her keys because she had a spare set. James then left to attend a funeral. He spent the

night of May 21 with family. The next day, James prepared to return the car to Cropper. He went to a gas station and called her, stating his intention. Cropper told him her cousin would retrieve it. James denied telling Cropper he locked the keys inside or that the car was out of gasoline.

A grand jury indicted James for failure to return a vehicle under bailment in violation of Code § 18.2-117 on August 1, 2005. A bench trial was held before the Circuit Court of Accomack County on April 13, 2006. The Commonwealth's entire case consisted of the testimony of Cropper, and the defense case rested entirely on the testimony of James. At the conclusion of the evidence, the court found James guilty. The court indicated it credited the testimony of Cropper over that of James. Specifically, it stated: "This case is indeed a case of she said and he said, but the difference is what she said is the truth and what he said is not." On June 29, 2006, the court sentenced James to five years imprisonment, with two years and six months suspended.

### III. Analysis

James raises only one assignment of error for the Court's review. He argues that since the Commonwealth's entire case consisted of the testimony of Cropper and since Cropper's testimony directly conflicted with his testimony, insufficient evidence exists to support the conviction.

When considering a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the Commonwealth. Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988). "This principle requires us to discard the evidence of the accused in conflict with that of the Commonwealth and to regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Guda v. Commonwealth, 42 Va. App. 453, 455, 592 S.E.2d 748, 749 (2004). This Court presumes the

decision of the circuit court to be correct. Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002). We will "affirm the conviction unless it is plainly wrong or without evidence to support it." Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 906 (2001). Under this standard, we ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Seaton v. Commonwealth, 42 Va. App. 739, 746-47, 595 S.E.2d 9, 13 (2004). "'If there is evidence to sustain the verdict, this Court should not overrule it and substitute its own judgment, even if its opinion might differ from that of the jury.'" Tibbs v. Commonwealth, 31 Va. App. 687, 707, 525 S.E.2d 579, 588-89 (2000) (quoting George v. Commonwealth, 242 Va. 264, 278, 411 S.E.2d 12, 20 (1991)). When a circuit court conducts a bench trial it acts as the finder of fact and its decisions in this capacity receive "the same weight as a jury verdict." Evans v. Commonwealth, 215 Va. 609, 613, 212 S.E.2d 268, 271 (1975).

We have held that "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). It is the responsibility of the fact finder to resolve conflicts in the evidence. City of Bedford v. Zimmerman, 262 Va. 81, 86, 547 S.E.2d 211, 214 (2001). The fact finder may draw reasonable inferences from the evidence. Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982). Moreover, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). This Court must "accept the trial court's determination of the credibility of witness testimony unless, 'as a matter of law, the testimony is inherently incredible.'" Nobrega v. Commonwealth, 271 Va. 508, 518, 628 S.E.2d 922, 927 (2006) (quoting Walker v.

Commonwealth, 258 Va. 54, 70-71, 515 S.E.2d 565, 575 (1999)). "Thus, the testimony of a single witness, if found credible by the trial court and not inherently incredible by this Court, is sufficient to support a conviction." McCary v. Commonwealth, 36 Va. App. 27, 41, 548 S.E.2d 239, 246 (2001).

Addressing Code § 18.2-117, we have held it requires a *mens rea* of fraudulent intent, Molash v. Commonwealth, 3 Va. App. 243, 246-47, 348 S.E.2d 868, 870 (1986), although "proof of intent to permanently deprive the owner of his or her property is not required to sustain a conviction," Ketchum v. Commonwealth, 12 Va. App. 258, 261, 403 S.E.2d 382, 383 (1991). The requisite intent "may, and often must, be inferred from the facts and circumstances in a particular case." Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979).

The evidence in this case was sufficient to find James guilty. Cropper's testimony disclosed she entered into an oral bailment agreement with James for the use of her car. See Canty v. Wyatt Storage Corp., 208 Va. 161, 162, 156 S.E.2d 582, 582 (1967) (recognizing that a bailment agreement may be oral). Cropper conditioned James' use of it on his returning it to her by 7:00 p.m. on May 21, 2005. She needed James to pick her up from a wedding she attended that afternoon. James failed to return the car as scheduled, forcing Cropper to obtain transportation from a friend. James made no contact with Cropper until the evening of May 22. When James did finally contact her, he first told her he locked the keys in the car. He later told her ran out of gas and did not have money to purchase any. Cropper told James her cousin would pick up the car, and James agreed to wait near it. When the cousin retrieved the car, it was unattended, unlocked with the keys inside, and had a quarter tank of gas. The fact finder could infer from these circumstances a fraudulent intent by James. Ridley, 219 Va. at 836, 252 S.E.2d at 314.

The circuit court plainly indicated it credited the testimony of Cropper and not the testimony of James, which it was entitled to do. <u>Sandoval</u>, 20 Va. App. at 138, 455 S.E.2d at 732. The circuit court had the opportunity to hear the testimony and evaluate the witnesses' credibility. <u>Id.</u> Since Cropper's testimony was not inherently incredible, the circuit court's credibility finding controls. <u>Nobrega</u>, 271 Va. at 518, 628 S.E.2d at 927.

Finally, Cropper's testimony was sufficient evidence by itself to convict James. <u>McCary</u>, 36 Va. App. at 41, 548 S.E.2d at 246. If believed by the fact finder, as it was, it established all the elements of the offense.

For the foregoing reasons, the judgment of the circuit court is affirmed.

<u>Affirmed.</u>